**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TIMOTHY DEANORE WILKINS,

Plaintiff-Appellant,

v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION; et al.,

Defendants-Appellees.

No. 20-55805

D.C. No. 2:18-cv-09116-VAP-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted October 12, 2021[**]

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

California state prisoner Timothy Deanore Wilkins appeals pro se from the

district court's summary judgment for failure to exhaust administrative remedies in

his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We affirm.

The district court properly granted summary judgment because Wilkins failed to exhaust administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that proper exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)); *see also Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (setting forth circumstances when administrative remedies are effectively unavailable).

**AFFIRMED.**